UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LUCIEN P. BAZLEY (#358366)

VERSUS                                          CIVIL ACTION

JAMES M. LEBLANC, ET AL                         NUMBER 13-507-BAJ-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.


ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.


Baton Rouge, Louisiana, October 7, 2013.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LUCIEN P. BAZLEY (#358366)

VERSUS                                    CIVIL ACTION

JAMES M. LEBLANC, ET AL                   NUMBER 13-507-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate currently confined at Rayburn Correctional Center, Angie, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc and Nineteenth Judicial District Court Clerk of Court Doug Welborn.  Plaintiff alleged that Nineteenth Judicial District Court personnel provided him with an approved in forma pauperis form which did not identify the amount of the filing fee.  In addition, the plaintiff alleged that he was denied the opportunity to earn good time credits in violation of his constitutional rights.

### I. Applicable Law and Analysis

#### A. Frivolous Standard

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may

dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. Clerk of Court Welborn**

A § 1983 complaint must plead specific facts and allege a cognizable constitutional violation in order to avoid dismissal for failure to state a claim. *Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir. 1986).

Plaintiff named Nineteenth Judicial District Court Clerk of Court Doug Welborn as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation. Specifically, the plaintiff alleged that he filed a request for judicial review of the denial of his Administrative Remedy Procedure in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Plaintiff alleged that court personnel provided him a copy of an approved in forma pauperis form, but the form did not state the amount of the filing fee, contained "many other unsatisf[y]ing stipulation[s]," and is "a weapon used by the

2

19th Judicial District in order to deter any Plaintiff from pursuing relief against the Department of Corrections," in violation of the Sixth, Ninth and Fourteenth Amendments of the U.S. Constitution.

These allegations fail to state any claim cognizable under § 1983 against defendant Welborn.

**C. Denial of Good Time Credits**

Plaintiff's claims regarding a denial of good time credits must initially be pursued through habeas corpus since it challenges the duration of confinement, the resolution of which may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

Additionally, unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been improperly denied good time credits, he has no damages claim against the defendants cognizable under § 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

3

issuance of a writ of habeas corpus).

Plaintiff's claim falls squarely within the Court's holding in *Heck*. Plaintiff's damage claim seeks monetary damages for the deprivation of good time credits and directly calls into question the lawfulness of his confinement. Because the permanent deprivation of good time credits essentially increases the plaintiff's sentence, a judgment in the plaintiff's favor would necessarily imply that his increased sentence is invalid. *Heck*, 114 S.Ct. At 2372. Yet, the plaintiff failed to show that he has successfully challenged his confinement or sentence in any other proceeding. Plaintiff offered no proof that the denial of good time credits has been reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, the plaintiff's claim is not cognizable under § 1983 at this time. Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, S.Ct. (1973).

Because *Heck* dictates that a cause of action seeking damages under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the length of imprisonment has been invalidated, the § 1983 complaint should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994); *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.

4

1994).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

## RECOMMENDATION

It is the recommendation of the magistrate judge that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert against these defendants consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, October 7, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE