UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LUCIEN P. BAZLEY (#358366)                          CIVIL ACTION

VERSUS

JAMES M. LEBLANC, ET AL.                            NO.: 13-00507-BAJ-SCR


RULING AND ORDER


On October 7, 2013, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Lucien Bazley's action be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (Doc. 7.) Plaintiff alleges that he was given an in forma pauperis form by the Nineteenth Judicial District Court that did not identify the filing fee. He also alleges that he was denied the opportunity to earn good time credits in violation of his constitutional rights. (*Id.* at 2.)

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 7, at 1.) A review of the record indicates that Plaintiff filed a timely memorandum

in opposition to the Magistrate Judge's Report and Recommendation on October 21, 2013. (Doc. 8.)

Having carefully considered the Magistrate Judge's Report, the record, and the applicable law, the Court concludes that the Magistrate Judge's Report is correct, and hereby adopts its findings of fact, conclusions of law, and recommendation.[1]

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 7)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the above captioned matter is **DISMISSED**, without leave to amend, because there is no conceivable, non-

---

[1] Plaintiff's objection primarily concerns his assertion that the Department of Corrections unlawfully deprived him of good time credits. He asserts that, under the Louisiana Revised Statutes 15:529.1, an enhancement to his sentence was not applicable and that such action violated his Fifth, Eighth, and Fourteenth Amendment rights. (Doc. 8, at 3.) Plaintiff also contends that the Nineteenth Judicial District's failure to provide him with the amount of the filing fee violated his constitutional rights and that such is sufficient to negate the Magistrate Judge's frivolous claim finding. (*Id.* at 4.) He analogizes his situation to that of a person who will be reluctant to buy a car if he does not know the price. (*Id.*)

The Court adopts the findings of fact and conclusions of the law in the Report. Plaintiff does not present any law or fact that negates the legal findings of the Magistrate Judge. Regarding Plaintiff's good time credits, the Magistrate Judge properly concluded that "Plaintiff's claims regarding a denial of good time credits must initially be pursued through habeas corpus since it challenges the duration of confinement[.]" (Doc. 7, at 4.) Further, "unless [Plaintiff] can demonstrate that a state court or other authorized tribunal has determined that he has been improperly denied good time credits, he has no damages claim against the defendants cognizable under § 1983." (*Id.*, citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994)). Plaintiff has not presented evidence to the Court that he has successfully challenged his confinement in any other proceeding, nor has his term of imprisonment been invalidated. (*Id.* at 5.) Thus, his claim is not presently viable and must be dismissed.

Regarding Plaintiff's argument against the Clerk of Court for the failure to provide the amount of the filing fee, the Magistrate Judge properly concluded that Plaintiff failed to allege any facts that would suggest a constitutional violation. More significantly, Plaintiff failed to allege any *specific* unconstitutional conduct by Defendant Doug Welborn. Therefore, the Court adopts the findings in the Report.

2

Case 3:13-cv-00507-BAJ-SCR   Document 9    01/08/14   Page 2 of 3

frivolous federal claim Plaintiff Lucien Bazley could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, this 7th day of January, 2014.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Case 3:13-cv-00507-BAJ-SCR   Document 9   01/08/14   Page 3 of 3